# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 28, 2020

| | |
|---|---|
| * * * * * * * * * * * * * | |
| JOHN GOLD, *on behalf of the* | * |
| *Estate of NORMA ANN GOLD,* | * |
| | * |
| Petitioner, | *   No. 19-402V |
| | *   Special Master Sanders |
| v. | * |
| | *   Decision on Proffer; Damages; Influenza |
| SECRETARY OF HEALTH | *   ("Flu") Vaccine; Guillain-Barré |
| AND HUMAN SERVICES, | *   Syndrome ("GBS"); Death. |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

<u>Daniel H. Pfeifer</u>, Pfeifer, Morgan & Stesiak, South Bend, IN, for Petitioner.
<u>Colleen C. Hartley</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 15, 2019, the Estate of Norma Ann Gold by its representative, John Gold, ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program" or "the Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza vaccine Ms. Gold received on December 2, 2010, caused her to develop Guillain-Barré Syndrome ("GBS"). Pet. at 1, ECF No. 1. Petitioner further alleged that "Ms. Gold died as a consequence of the GBS she contracted due to the administration of the influenza vaccine." *Id.* at 11.

On April 27, 2020, Respondent filed a supplemental Rule 4(c) Report, in which he stated that, based on the record, Petitioner "has satisfied all legal prerequisites for compensation" under

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

the Program. ECF No. 18 at 5. Therefore, Respondent concluded that "this case is appropriate for compensation[.]" *Id.* at 1 (emphasis in original). On July 31, 2020, the undersigned issued a Ruling on Entitlement consistent with Respondent's Rule 4(c) Report. ECF No. 19.

On September 8, 2020, Respondent filed a Proffer on Award of Compensation ("Proffer"). ECF No. 22. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

> **A lump sum payment of $391,750.00, consisting of pain and suffering ($141,750.00) and the statutory death benefit ($250,000.00), which represents all elements of compensation to which [P]etitioner would be entitled under 42 U.S.C. §§ 300aa-15(a), in the form of a check payable to [P]etitioner as the legal representative of the Estate of Norma Ann Gold, deceased.**

*Id.* at 1-2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| THE ESTATE OF NORMA ANN GOLD, ) <br> by its Personal Representative JOHN GOLD, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) | No. 19-402V <br> Special Master Sanders <br> ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 15, 2019, the Estate of Norma Ann Gold by its Personal Representative John Gold ("petitioner"), filed a petition for vaccine injury compensation alleging that Ms. Gold suffered Guillain-Barre Syndrome ("GBS") and death. On April 27, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF 18. On July 31, 2020, Special Master Sanders issued a Ruling on Entitlement, incorporating respondent's concession. ECF 19. The case is now in damages.

### I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $391,750.00, consisting of pain and suffering ($141,750.00) and the statutory death benefit ($250,000.00), which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

## II. Form of the Award

The parties recommend that the compensation be provided to petitioner through a lump sum payment of $391,750.00 in the form of a check payable to petitioner as the legal representative of the Estate of Norma Ann Gold, deceased.[1]  Petitioner agrees.

        Respectfully submitted,

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        /s/ Colleen C. Hartley
        COLLEEN C. HARTLEY
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Phone: (202) 616-3644
        Fax:    (202) 353-2988

DATED:  September 8, 2020

---

[1] John Gold has demonstrated that he is the legal representative of the Estate of Norma Ann Gold for the purposes of 42 U.S.C. § 300aa-11(b)(1)(A).  *See* Petitioner's Exhibit 2.